# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| THOMAS R. COUTU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:13-cv-317-JAW |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant ) | |

## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") appeal contends that the administrative law judge committed reversible error by failing to find that she suffered from a severe impairment, wrongly weighing the opinion of a treating physician, and giving undue weight to the opinion of a non-treating reviewing physician. I recommend that the commissioner's decision be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2009, Finding 1, Record at 24; that the plaintiff had not submitted acceptable medical evidence of the existence of a medically

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on July 28, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

determinable impairment before that date, Finding 3, *id*; and that, therefore, he was not under a disability, as that term is defined in the Social Security Act, at any time from the alleged date of onset of disability, January 1, 2005, through the date last insured, December 31, 2009, Finding 4, *id*. at 26. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner. 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 2 of the sequential evaluation process, at which stage the claimant bears the burden of proof, but it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Humans Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id*. (quoting Social Security Ruling 85-28).

## I. Discussion

### A. Step 2

The plaintiff lists evidence that he asserts met his burden at Step 2, because it shows that his "impairments are far from minimal." Plaintiff's Itemized Statement of Errors ("Itemized Statement") (ECF No. 11) at 7-10. However, he never identifies any specific impairment or impairments which he contends are established by that evidence. In this district, "the existence of a specific medically determinable impairment is in fact critical to a finding of disability." *Maravell v. Astrue*, No. 2:10-cv-455-GZS, 2011 WL 4544020, at *5 (D. Me. Sept. 28, 2011). In the absence of a specific claimed impairment, this court cannot determine whether the outcome of the plaintiff's application for benefits would have been different if the administrative law judge had acted as the plaintiff claims would be appropriate at Step 2, which is also a requirement in this district. *See, e.g., Elmore v. Astrue*, No. 2:11-cv-394-DBH, 2012 WL 2913702, at *3 (D. Me. June 27, 2012).

In a separate section of his itemized statement, the plaintiff argues that the administrative law judge should have found that the evidence he submitted established at Step 3 of the sequential evaluation process that he met the criteria of Listing 1.04, for disorders of the spine. Itemized Statement at 15. At oral argument, the plaintiff's attorney confirmed that this is the impairment to which the itemized statement was meant to refer. I will accordingly consider his Step 2 argument in light of this impairment, but no others.

Even with the benefit of this clarification, the plaintiff's argument has problems. Of the 10 items of medical evidence supporting his claim that he lists in 10 bulleted paragraphs, Itemized Statement at 8-9, the first and eighth recite only his own reports of symptoms, which cannot serve as evidence of the existence of a severe impairment at Step 2, where only medical evidence may

be considered. 20 C.F.R. § 404.1528(a); *Jackson v. Social Sec. Admin. Comm'r*, Civil No. 1:09-cv-00596-JAW, 2010 WL 3852863, at *3 (D. Me. Sept. 24, 2010).

Next, the medical providers' statements listed as the third, fourth, fifth, sixth, seventh, ninth, and tenth bulleted paragraphs refer to periods of time after the plaintiff's date last insured, December 31, 2009, with no indication that these findings can only be interpreted to have been present before that date. Record at 251, 263-66. Accordingly, those statements are not acceptable evidence of the existence of a severe impairment before the date last insured. *See*, *e.g., Pierce v. Astrue*, No. 1:10-cv-242-JAW, 2011 WL 2678919, at *5 (D. Me. July 7, 2011).

In the final remaining bulleted entry on the plaintiff's list, the second item, Dr. Justin Karlitz-Grodin does state that the alleged date of onset of disability, January 1, 2005, "is consistent with the onset of Mr[.] Coutu's symptoms," Record at 303, but, as the defendant points out, Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 14) at 4, that single conclusory sentence does not constitute an opinion that anything other than the plaintiff's symptoms existed on the alleged date of onset, and, thus, is not sufficient medical evidence to require a specific finding at Step 2.

Even if that sentence, standing alone, were otherwise enough to require the administrative law judge to find that the plaintiff suffered from the severe impairment of a disorder of the spine prior to the date last insured, the administrative law judge accorded the opinion little weight. She stated her reasons as follows:

> The undersigned notes that Dr. Karlitz-Grodin provided a statement dated January 17, 2012 asserting that the claimant's alleged onset date is consistent with his functional limitations and the imaging studies he reviewed (Exhibit 12F). Social Security Ruling 96-2P provides that the opinion of a treating physician is properly afforded controlling weight if it is well supported and is not inconsistent with other substantial evidence of record. However, in this case, Dr. Karlitz-Grodin's opinion is not supported by any clinical observations. Moreover, it is inconsistent with

> other substantial evidence in [the] file, including the opinion of [the] State Agency reviewing physician, Dr. Leslie Abramson who has notes that there is no medical evidence establishing the presence of a medically determinable impairment during the period at issue in this decision. As such, the undersigned affords Dr. Karlitz-Grodin's opinion little weight. Greatest weight is afforded to the opinion of Dr. Abramson. Her assertion is consistent with the claimant's own report that he did not seek any medical treatment between 2002 and 2010.

Record at 25.[2]

The plaintiff contends that the administrative law judge not only wrongly rejected this opinion in favor of that of Dr. Abramson, a state-agency reviewing physician who did not examine the plaintiff, but that she was required to give it controlling weight. Itemized Statement at 10-17. A treating physician's opinion on the nature and severity of an applicant's impairments is given controlling weight only when it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. Social Security Ruling 96-2p, reprinted in *West's Social Security Reporting Service* Rulings 2013, at 112; *Northrup v. Barnhart*, No. 02-181-B-W, 2003 WL 22466177, at *2 (D. Me. Oct. 31, 2003).

Here, the plaintiff asserts that Dr. Karlitz-Grodin's opinion is supported by "the August 2011 MRI and the January 2011 spine specialist evaluation and x-rays." Itemized Statement at 12. However, as I have already noted, those studies and the evaluation deal only with the plaintiff's condition in 2011. With regard to the two pages of the record cited by the plaintiff in this regard, neither includes any finding about the plaintiff's condition before his date last insured, December 31, 2009. Record at 265, 303. Therefore, the plaintiff has failed to show that Dr. Karlitz-Grodin's

---

[2] The plaintiff also asserts that the administrative law judge committed reversible error in basing her conclusion that there is a lack of medical evidence at Step 2 on the plaintiff's lack of medical treatment from 2002 to 2010 "without even considering Plaintiff's explanation that he lacked Medicaid or any other way to pay for that treatment." Itemized Statement at 9 n.6. He cites Social Security Ruling 96-7p in support of this argument. *Id.* This court has rejected this argument, noting that Social Security Ruling 96-7p deals only with credibility, and is not applicable to the evaluation of evidence at Step 2. *Coffin v. Astrue*, Civil No. 09-487-P-S, 2010 WL 3952865, at *4 (D. Me. Oct. 6, 2010).

retrospective opinion, to the extent that it can reasonably be construed to identify an impairment that was severe before December 31, 2009, is well-supported by medically acceptable clinical and laboratory diagnostic techniques.

Although, given this conclusion, it is not necessary to discuss the plaintiff's assertion that Dr. Abramson's opinion "is not substantial evidence" inconsistent with Dr. Karlitz-Grodin's opinion, Itemized Statement at 12-13, I note that this conclusion is also incorrect. The plaintiff proffers as the justification of this characterization of Dr. Abramson's report that she did not have "the benefit of" the January 2011 x-rays and spine evaluation, the August 2011 MRI, and Dr. Karlitz-Grodin's opinions and record over the year following Dr. Abramson's evaluation. *Id.* at 14. Again, all of this evidence, other than Dr. Karlitz-Grodin's one-sentence retrospective opinion, deals only with the plaintiff's medical condition after his date last insured. I have already discussed the reasons why the administrative law judge's rejection of Dr. Karlitz-Grodin's retrospective opinion is supported by substantial evidence.

During oral argument, the plaintiff's attorney asserted that the evidence showed that the plaintiff had "long-standing spinal issues" and a "long-standing spinal impairment" and that the evidence "corroborating" Dr. Karlitz-Grodin's retrospective opinion "suggests degenerative changes which show a long-standing impairment." To the extent that this is an argument that the back impairment diagnosed by Dr. Karlitz-Grodin was by its very nature one that could only have been severe more than two years earlier, that is a medical judgment that is certainly not a matter of lay common knowledge,[3] and the plaintiff's attorney cited no authority to support such an assertion. My search has located no support for this position in the case law, which in fact suggests

---

[3] It is also not an argument that is made in the itemized statement, and, therefore, may not be considered by the court when raised for the first time at oral argument. *Connor v. Colvin*, No. 1:13-cv-00219-JAW, 2014 WL 3533466, at *3 n.2 (D. Me. July 16, 2014).

otherwise. *See, e.g., Plato v. Colvin*, Civil No. 1:12-CV-319-DBH, 2013 WL 5348603, at *9 (D. Me. Sept. 24, 2013); *Watters v. Commissioner of Soc. Sec. Admin.*, 530 Fed.Appx. 419, 422-23 (6th Cir. July 17, 2013).

On the showing made, the administrative law judge did not err in rejecting Dr. Karlitz-Grodin's retrospective opinion or in concluding that the plaintiff did not suffer from a severe impairment at Step 2 of the sequential evaluation process.

### B. Other Claimed Errors

The plaintiff also contends that the administrative law judge committed reversible error "in placing great weight on the State Agency opinion[,]" *id*. at 13, because that opinion "was based on a materially deficient record[,]" in that the agency physician did not see the medical evidence, listed above, that was produced after the state-agency physician completed her report. *Id*. at 14. To the contrary, where, as here, the administrative law judge has expressly considered and rejected that additional information, Record at 25, there is no error. *Coffin*, 2010 WL 3952865, at *3.

The plaintiff next criticizes the administrative law judge's alleged wrongful failure to conclude at Step 3 of the sequential evaluation process that he met the criteria of Listing 1.04. Itemized Statement at 15-17. At oral argument, the plaintiff's attorney stated that this argument was intended merely to demonstrate that the administrative law judge's alleged errors at Step 2 were not harmless. Of course, once the administrative law judge supportably found that the plaintiff did not suffer from a severe impairment before his date last insured, there was no need for her to proceed to Step 3, and, indeed, no basis for doing so. *E.g., Sandoval v. Colvin*, No. CV 13-5410 RNB, 2014 WL 1512185 at *4 n.3 (C.D. Cal. Apr. 16, 2014); *Couch v. Colvin*, Civil No. 4:12-cv-04054, 2013 WL 1789598, at *3 (W.D. Ark. Apr. 26, 2013). Because I have rejected the plaintiff's arguments at Step 2, therefore, no further discussion of Step 3 is required.

The same is true of the plaintiff's final argument, that certain errors in the administrative law judge's recitation of the facts deprive her opinion of substantial evidence support. Itemized Statement at 17-18. Neither of the two "errors" concern evidence relevant at Step 2, which is the point at which I conclude that the administrative law judge correctly ended her evaluation of the plaintiff's claim.

The plaintiff asks for a "remand for calculation of a period of disability and an award of benefits[.]" Itemized Statement at 19. Had there been an error at Step 2, no remand at that early stage of the sequential evaluation process could reasonably be so limited, particular given the First Circuit's opinion in *Seavey v. Barnhart*, 276 F.3d 1, 10-13 (1st Cir. 2001), which teaches that, except in rare circumstances, the proper course is to remand for additional investigation or explanation.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 31st day of July, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge