UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| THOMAS R. COUTU, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:13-cv-317-JAW |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

## RECOMMENDED DECISION ON MOTION TO REMAND

The plaintiff in this Social Security Disability ("SSD") appeal seeks an order of remand to the Social Security Administration under the sixth sentence of 42 U.S.C. § 405(g), which provides that a court in which an appeal from a denial of an application for benefits is filed may "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" 42 U.S.C. § 405(g). For the reasons that follow, I recommend that the court deny the motion.

### I. Procedural Background

The plaintiff originally filed an appeal from the commissioner's denial of his application for SSD benefits on August 15, 2013. ECF No. 1. The appeal was fully briefed as of February 19, 2014 (ECF No. 14), and oral argument was held on July 28, 2014 (ECF No. 18). During oral argument, the plaintiff's attorney brought to the court's attention for the first time the issue of a remand and was told that matters not presented in the plaintiff's written statement of errors (ECF

1

No. 11) would not be considered by the court at oral argument. The plaintiff's attorney indicated at that time that she would file the motion now before the court.

On July 31, 2014, I filed my recommended decision on the plaintiff's appeal. ECF No. 19. The instant motion was filed on August 1, 2014. ECF No. 20. The plaintiff filed an objection to my recommended decision on August 14, 2014. ECF No. 21.

## II. The Merits

The plaintiff contends that he is entitled to remand because, on April 1, 2014,[1] the defendant approved his application for Supplemental Security Income ("SSI") benefits, effective as of June 20, 2013. Disability Determination Explanation (Exh. 1 to Motion for Order Remanding Commis[s]ioner's Decision Under Sentence 6 of 42 USC § 405(g) ("Motion") (ECF No. 20)) at [12]. He argues that the administrative law judge who decided his application for SSD benefits, the matter that is currently before this court, is required by Social Security Ruling 83-20, to reconsider his ruling in light of this SSI award. Motion at 6. Not surprisingly, the defendant disagrees. Defendant's Opposition to Plaintiff's Motion for Remand Under Sentence Six of 42 U.S.C. § 405(g) ("Opposition") (ECF No. 22). I recommend that the motion be denied.

While it is true that the outcome of the plaintiff's application for SSI benefits could not have been known before June 20, 2013, the effective date of SSI benefits, making that outcome "new evidence" within the meaning of sentence six, 42 U.S.C. § 405(g), and the timing presents "good cause" for the failure to incorporate it into the record of this proceeding, at least before April 1, 2014,[2] the inquiry does not end there. The new evidence must also be "material," that is, such that the decision on the plaintiff's SSD claim "might reasonably have been different" had the

---

[1] The motion contends that the claim was allowed on April 21, but the Disability Determination Explanation is dated April 1, 2014, as the motion also states.
[2] The plaintiff offers no explanation for the time elapsed between the date of the decision and the date, almost four months later, when this matter was first brought to this court's attention.

2

evidence in question been presented in that case. *Evangelista v. Secretary of Health & Human Servs.*, 826 F.2d 136, 141 (1st Cir. 1987).

In his SSD case, initiated on May 14, 2010, Record at 66, the plaintiff alleged a disability onset date of January 1, 2005, and was insured only through December 31, 2009, so he was required to establish the existence of a disability before that date in order to be eligible for SSD benefits. Report and Recommended Decision (ECF No. 19) at 1-2. The plaintiff alleged disability due spine problems, kidney problems, and neck problems. Record at 66. The administrative law judge found that the plaintiff had not provided evidence of the existence of a medically determinable impairment before the date last insured and, accordingly, denied his application for benefits. Report and Recommended Decision at 1-2. I have recommended that the court affirm the decision. *Id*. at 8.

In his SSI application, initiated on June 20, 2013, the plaintiff alleged the same date of onset, but alleged impairments of back problems, neck problems, kidney problems, and sciatica. Disability Determination Explanation at [2]. The Social Security Administration found that the plaintiff suffered from the impairments of disorders of the back, disorders of the urinary tract, ischemic heart disease, and chronic pulmonary insufficiency. *Id*. at [7]. It also found that the date of onset of disability was June 20, 2013, well after the date last insured for the SSD claim. *Id*. at [12].

The plaintiff contends that Social Security Ruling 83-20 and *Godsey v. Astrue*, Civil No. 08-410-P-S, 2009 WL 1873528 (D. Me. June 29, 2009), require remand of this action, even though a recommended decision has been docketed.³ Motion at 5-6. I disagree.

---

³ The plaintiff resurrects an argument that I rejected in my recommended decision on his SSD claim: "Dr. Karlitz-Grodin's opinion, as the retrospective opinion of a treating source, is entitled to 'significant weight.'" Motion at 7. As a general proposition, a treating physician's opinion may well be entitled to significant weight. This specific

3

*Godsey* is readily distinguishable. In that case, the claimant's applications for SSD benefits and SSI benefits were filed together, so both were before the administrative law judge at the same time. 2009 WL 1873528 at *2. That is the situation in which Social Security 83-20 is intended to apply. In this case, the administrative law judge never reached the question of the date of onset in connection with the SSD claim because she supportably found that there was no acceptable medical evidence of the existence of any medically determinable impairment before the date last insured. Report and Recommended Decision at 1-2.

In *Godsey*, the administrative law judge

> concluded that, prior to the plaintiff's date last insured, his "medically determinable impairment could reasonably [have been] expected to produce [his] alleged symptoms[.]" He found him not to have been disabled prior to that date on the basis that his allegations concerning his condition at that time, which included asserted fatigue, decreased energy, difficulty breathing, and sleep disturbance, were not fully credible. In turn, he found those allegations not to be fully credible in view of his failure to have sought medical treatment prior to December 2004 and the resultant absence of any contemporaneous medical records documenting his condition at that time. Yet, that analytical approach flies in the face of SSR 83-20, which contemplates that once a claimant is found disabled, the date of onset of disability must be established and may be inferred, even in the absence of contemporaneous medical evidence.

2009 WL 1873528 at * 5 (citations omitted). I found that lay testimony of the claimant's wife and his former employer concerning his condition prior to his date last insure "fairly can be said to create an ambiguity concerning the onset date of his disability." *Id.* There is no such independent evidence in this case.

In any event, other case law clearly directs a denial of the plaintiff's motion in the specific conditions present here. In *Bowden v. Colvin,* No. 1:13-CV-201-GZS, 2014 WL 1664961 (D. Me. Apr. 25, 2014), the plaintiff moved to remand almost two months after the appeal had been fully

---

"retrospective opinion," however, is one sentence long and says nothing about the likely severity of the plaintiff's symptoms on the alleged date of onset. *See* Report and Recommended Decision at 4-5.

briefed and set for oral argument, based on the fact that the commissioner had awarded benefits on the plaintiff's subsequently-filed claim, finding him disabled as of three months before his date last insured. *Id*. at *1-*2. He argued, as does the plaintiff here, that remand was required because the subsequent decision "would bring into play the provisions of [Social Security R]uling 83-20." *Id*. at *1. I found the case law cited by the commissioner in opposition to this motion to be persuasive. *Id*. It remains persuasive today, some five months later. *See Perry v. Astrue*, Civil Action No. 10-11004-DPW, 2012 WL 645890, at *11-*12 (D. Mass. Feb. 27, 2012) (and cases cited therein); *Jirau v. Astrue*, 715 F.Supp.2d 814, 824-26 (N.D. Ill. 2010).

Denial of this motion is consistent with the First Circuit's guidance in its judgment in *Gill v. Colvin,* No. 13-1792, slip op. (Apr. 9, 2014), in which an applicant for SSI and SSD claimed that he was entitled to a remand for an award of benefits based on his subsequent award of benefits with an onset date of the day after the unfavorable decision that was on appeal in the case before the First Circuit. Slip Op. at [1]. The First Circuit upheld the denial of his motion for a sentence six remand, based on *Allen v. Commissioner of Soc. Sec.*, 561 F.3d 646 (6th Cir. 2009), the reasoning of which it found to be consistent with *Evangelista*. The First Circuit found it significant that the plaintiff filed in the district court only the Disability Determination Explanation from his second application, along with a listing and rough summary of the supporting evidence. *Id*. at [5]. Here, the plaintiff has provided nothing beyond the Disability Determination Explanation. As was the case in *Gill*, *id*., the plaintiff has not provided any evidence that would allow this court to determine whether any of the evidence submitted with the second application applied only to the period after the date last insured or whether it provided a colorable expert retrospective opinion.

In the underlying decision, the trial court rejected the plaintiff's Rule 59(e) motion to alter or amend the judgment, entered one month earlier on his appeal from the denial of his application.

5

*Gill v. Colvin*, C.A. No. 11-462-ML, 2013 WL 1673112, at *1 (D R.I. Apr. 17, 2013). Judge Lisi said, *inter alia*: "It is true that, in this case, the plaintiff's subsequent applications were granted, establishing his disability as of the day following the ALJ's unfavorable decision. However, that determination cannot serve to increase, retroactively, the ALJ's obligation to develop the record before her." *Id*. at *5. That is precisely what the plaintiff in the instant case asks this court to do. Motion at 7. This court should decline the invitation.

### III.    Conclusion

For the foregoing reasons, I recommend that the plaintiff's motion to remand be **DENIED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 26th day of September, 2014.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge